**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

JEROME SUEING,

    Plaintiff,

v.

JAMES J. BLANCHARD, *et al*.,

    Defendants.
                                            /

CASE NO. 90-CV-10224

DISTRICT JUDGE ROBERT H. CLELAND
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO ALTER, AMEND OR SET ASIDE JUDGMENT**
(Dkt. 234)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED**.

**II.    REPORT**

    **A.    Introduction & Background**

This matter is before the undersigned magistrate judge pursuant to an order of reference dated March 26, 2008. (Dkt. 235.) Plaintiff Jerome R. Sueing is a state prisoner who is currently incarcerated at the G. Robert Cotton Facility in Jackson, Michigan. Plaintiff and others initially filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in September of 1990. Plaintiffs alleged, among other things, a violation of their Eighth Amendment rights because the drinking water at the St. Louis Correctional Facility in St. Louis, Michigan, was contaminated and had caused various illnesses. (Dkt. 2.) On March 11, 1994, a Report and Recommendation ("R&R")

suggested that summary judgment be granted in favor of Defendants with respect to the § 1983 claim because Plaintiffs had failed to come forward with evidence that the water was so contaminated as to deny "the minimal civilized measure of life's necessities." (Dkt. 183 at 11.) The R&R noted that chemical analyses of water samples collected in the St. Louis facility indicated the presence of coliform bacteria, but since the correctional facility was notified and complied with the public notice to boil all drinking water, the Plaintiffs failed to establish that they were denied safe drinking water. (*Id.*) The R&R was accepted and the case was dismissed in September 1994; the dismissal was affirmed by the U.S. Court of Appeals for the Sixth Circuit in December 1995. (Dkt. 200, 231.)

Plaintiff Sueing filed the instant document, which was docketed as a motion to alter, amend or set aside the judgment, on March 17, 2008. (Dkt. 234.) Plaintiff asserts that tests were conducted in the water wells in St. Louis, Michigan, in the fall of 2004 and the spring of 2005 and both revealed ("PCBSA") contamination. (Dkt. 234 ¶ 4.) Plaintiff notes that recent lawsuits, such as *City of St. Louis v. Velsicol Chemical Corp.*, E.D. Mich. Case No. 07-cv-13683, have been filed as a result of this new information. (Dkt. 234 ¶ 8.) Velsicol Chemical Corporation manufactured the pesticide dichlorodiphenyltrichloroethane ("DDT") in St. Louis, Michigan, before it was banned in the 1970s. (Case No. 07-13683, Dkt. 1 ¶ 2.) "PCBSA" stands for parachlorobenzene sulfonic acid and is a by-product of the manufacture of DDT. (*Id.*) In the *Velsicol* case, the plaintiff noted in its motion to remand that the City of St. Louis "first learned its wells were contaminated in late 2005 . . . and could not have known of this contamination earlier." (Case No. 07-cv-13683, Dkt. 16 at 4.) After review of the instant motion, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without response or oral argument.

## C. Governing Law

Plaintiff's motion to alter, amend or set aside the judgment or reopen the case does not reference an applicable court rule, but the Court will construe it as a motion for relief from judgment based on newly discovered evidence under Rule 60(b)(2) of the Federal Rules of Civil Procedure. *See United States v. First Wall Street SBIC, L.P.,* No. 97CIV.2655(JSR), 1998 WL 352966, * 1 (S.D.N.Y. June 26, 1998) (construing "*pro se* movant's voluminous submissions as a motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b)" where he "suggests no procedural basis for reopening this action, which has been closed for more than a year"). As such, Plaintiff must show that the motion is based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). This motion must be brought "no more than a year after the entry of the judgment or order or the date of proceeding." FED. R. CIV. P. 60(c)(1). The Advisory Committee Notes to the Rule indicate that "[i]f the right to make a motion is lost by expiration of the time limits fixed in these rules, the only other procedural remedy is by a new or independent action . . . the limitations of time [as to these independent actions] are those of laches or statute of limitations."

"Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation." *Sevenson Environ. Servs. v. Shaw Environ., Inc.*, 246 F.R.D. 151, 153 (W.D.N.Y. Aug. 20, 2007). "The [Rule 60(b)(2)] movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of the trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be

merely cumulative or impeaching." *United States v. Int'l Bd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (citations omitted). As stated,"'[u]nder Rules 59 and 60(b)(2), newly discovered evidence must pertain to facts which existed *at the time of trial.*'" *Davis by Davis v. Jellico Community Hospital, Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) (quoting *Boyd v. Bulala*, 672 F. Supp. 915, 922 (W.D. Va. 1987) (emphasis in original) (cited with approval in *National Union Fire Ins. Co of Pittsburgh v. Alticor, Inc.*, No. 05-2479, 06-2538, 2007 WL 2733336, * 4 (6th Cir. Sept. 19, 2007)). If the evidence "did not exist at the time of the initial ruling," the court should deny the motion for relief from judgment. (*Id.*)

To the extent the catch-all provision is invoked, "[s]ubsection (6) of Rule 60(b) [] applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Blue Diamond Coal Co. v. Trustees of the United Mine Workers of Am. Combined Benefits Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

**C.    Discussion**

This motion is brought far outside the one-year time period provided for under Rule 60(b)(2) and could be denied based on this ground alone. FED. R. CIV. P. 60(c)(1). Furthermore, Plaintiff's own allegations reveal that the newly discovered evidence was not in existence during the pendency of this action but rather is the result of tests "conducted in the water wells in St. Louis, Michigan, in the fall of 2004 and the spring of 2005 both revealing (PCBSA) contamination." (Dkt. 234 ¶ 4.) Therefore, Plaintiff is unable to demonstrate that the newly discovered evidence "was of facts that existed at the time of the trial or other dispositive proceeding." *Teamsters, supra*, 247 F.3d at 392. As a result, the motion should be denied on this ground as well.

I further suggest that relief is not appropriate under the catch-all provision of Rule 60(c)(6) since subsection (2) addresses the instant scenario and there are no "'exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *See Blue Diamond Coal Co.,* 249 F.3d at 524; *Bridges v. Bureau of Prisons*, No. 1:02-CV-1470, 2006 WL 3484335, *3 (M.D. Pa. Nov. 30, 2006) (finding Plaintiff failed to show that he "will suffer extreme or unexpected hardship unless the Court takes the extraordinary step of reopening litigation that has been closed for nearly two and one-half years" where the plaintiff alleged the defendants had breached the settlement agreement). Thus, I suggest that the motion for relief from judgment should be denied.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/ Charles E. Binder
CHARLES E. BINDER
United States Magistrate Judge

Dated: April 18, 2008

5

## **CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Charles M. Fortino, A. Peter Govorchin, David K. Otis, Janet L. Parker, and Ronald J. Styka, and served on Thaddeus Draper, Alan D. Greenberg, Raymond Horton, Deborah K. Isom, Kenneth Johnson, Willie Jones, Larry McCloud, Jimmie Simms, Jerome Sueing, W. Washington, and Joy S. White by first class mail, and served on U.S. District Judge Cleland in the traditional manner.

Date: April 18, 2008                          By     s/Patricia T. Morris
                                                                      Law Clerk to Magistrate Judge Binder