**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEROME SUEING,

    Plaintiff,

v.                                                        Case No. 90-CV-10224

JAMES I. BLANCHARD, et al.,

    Defendants.
                                                   /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND
DENYING PLAINTIFF'S MOTION TO ALTER, AMEND OR SET ASIDE JUDGMENT**

On April 18, 2008, Magistrate Judge Charles Binder issued a Report and Recommendation ("R&R") recommending that this court deny Plaintiff Jerome Sueing's March 17, 2008 motion to alter, amend or set aside judgment. On April 29, 2008, Plaintiff filed timely objections.[1] The R&R was issued before the government could respond and without or oral argument, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), (R&R at 2), and the government has not responded to Plaintiff's objections. Having reviewed the objections, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will overrule Plaintiff's objections, adopt the R&R and deny Plaintiff's motion to alter, amend or set aside judgment.

---

[1]A letter by Plaintiff was filed on the same day, adding "[t]wo-(2)-additional legal points" regarding res judicata and alleged fraud in the research methods and conclusions of the government. (4/29/08 Letter.)

## I. STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that

"[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Furthermore, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

Plaintiff, a state prisoner, and others initiated this *pro se* civil rights action in 1990. (R&R at 1.) Among other things, the complaint alleged that prison authorities violated Plaintiff's Eighth Amendment rights because the drinking water at St. Louis Correctional Facility in St. Louis, Michigan was contaminated and caused illness. (*Id.*) This court dismissed the case in September 1994, and the Sixth Circuit affirmed this court's dismissal in December 1995. (*Id.* at 2.) Over a decade later, Plaintiff now brings the instant motion, arguing that water well tests in 2004 and 2005 provide new information in support of Plaintiff's claims. (*Id.*)

The R&R recites the proper standard for deciding a motion to alter, amend or set aside judgment, which this court need not reiterate here. (*Id.* at 3-4.) The magistrate judge correctly concluded that the motion is barred as untimely, as it was "brought far outside the one-year time period provided for under [Federal Rule of Civil Procedure] 60(b)(2). (*Id.* at 4.) Further, the magistrate judge concluded that relief under the catch-all provision of Rule 60(c)(6) was inappropriate, and this court concurs.

3

Plaintiff's objections do not challenge in any meaningful way the essential timeliness analysis of the R&R.  Rather, Plaintiff merely reargues the motion, without highlighting how the magistrate judge might have erred.  *See Howard,* 932 F.2d at 508 (holding that an objection must do more than simply express disagreement or summarize what was already presented).  Elsewhere, Plaintiff raises issues that were not germane to the R&R, such as res judicata and alleged government fraud.  (*See* 4/29/08 Letter.)  Where Plaintiff does address the merits of the R&R, his objections are conclusory and without merit.  Plaintiff offers no persuasive reasons for concluding that he could not have known of the alleged new information before March 17, 2007 (one year before he filed the instant motion).  Plaintiff contends that he did not learn of a certain report until 2008, but he fails to mention when such report, or the facts upon which it was based, were first available.  Under the circumstances, the court is not persuaded that the conclusion of the R&R should be rejected.  Fed. R. Civ. P. 60(b)(2).  The court will instead adopt the R&R and deny Plaintiff's motion.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's objections [Dkt. ## 240-41] are OVERRULED and the Magistrate Judge's April 18, 2008 report and recommendation [Dkt. # 236] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's Motion to Alter, Amend or Set Aside Judgment [Dkt. # 234] is DENIED.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  May 21, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 21, 2008, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522