**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEROME SUEING,

       Plaintiff,

v.                                                         Case No. 90-CV-10224

JAMES I. BLANCHARD, et al.,

       Defendants.
                                              /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On April 18, 2008, Magistrate Judge Charles Binder issued a Report and Recommendation ("R&R") recommending that this court deny Plaintiff Jerome Sueing's March 17, 2008 motion to alter, amend or set aside judgment. Plaintiff filed timely objections, which were overruled in the court's May 21, 2008 order adopting the R&R and denying Plaintiff's motion to alter, amend or set aside judgment. On June 5, 2008, Plaintiff filed a motion for reconsideration. Having reviewed the motion, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(g)(1). For the reasons stated below, the court will deny Plaintiff's motion.

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for

reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

The court's previous order adopted the magistrate judge's recommendation to deny Plaintiff's motion under Federal Rule of Civil Procedure 60, finding that the motion was "barred as untimely, as it was brought far outside the one-year time period provided for under Federal Rule of Civil Procedure 60(b)(2). Further, the magistrate judge concluded that relief under the catch-all provision of Rule 60(c)(6) was inappropriate." (5/21/08 Order at 3 (internal citations and alterations omitted).) In Plaintiff's motion for reconsideration he does not identify a palpable defect, the correction of which would result in a different disposition of his Rule 60 motion. Instead, Plaintiff principally complains that the court held him, as a *pro se* litigant, to "the same strict standards as those used for attorneys," (Pl.'s Mot. at 1), and that the court failed to address his request, found within his objections, for a court-appointed attorney, (*id.* at 2).

First, the court does not hold Plaintiff to the same standards as attorneys. For example, Plaintiff's *pro se* motion for reconsideration was hand-written and sent in letter form to the clerk of the court. Had an attorney submitted such a document, the court would decline to address it as it does not comply with the local rules. Given Plaintiff's *pro se* status, however, the court interprets it as a motion for reconsideration and will consider the merits of it. Plaintiff misunderstands *Haines v. Kerner*, 404 U.S. 519 (1972). *Haines* does not stand for the proposition that *pro se* litigants are not required to comply with the Federal Rules or do not otherwise need to prove the merits of their

2

positions, only that their pleadings should be construed liberally. *Id.* at 519. Even construed liberally, Plaintiff's Rule 60 motion did not afford him relief.

Further, as even Plaintiff recognizes, he is not entitled to a court-appointed attorney in a civil case. *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir. 1996). The court finds no reason to appoint counsel here, where he has not demonstrated any basis to reopen the lawsuit.

The remainder of Plaintiff's motion for reconsideration does little more than reargue those issues that the court has already rejected. Such a motion will not be granted under Local Rule 7.1(g). *See* E.D. Mich. LR 7.1(g)(3); *Czajkowski,* 967 F.Supp. at 952. Inasmuch as Plaintiff's motion, construed liberally, does not present a palpable defect by which the court has been misled,

IT IS ORDERED that Plaintiff's "Motion for Reconsideration . . . " [Dkt. # 245] is DENIED.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 27, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 27, 2008, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522